**Guo Wei XU; Xiao Shen Li Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71288.

I & NS No. A 768–752/769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided Aug. 30, 2001.

Before HUG and B. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

Petitioners Guo Wei Xu and Xiao Shen Li applied for asylum and withholding of deportation because of persecution on account of their political opinion.[1] After a hearing, an immigration judge (IJ) found Xu and Li to be excludable, found them ineligible for asylum, and denied their petitions. Xu and Li appealed to the Board of Immigration Appeals (BIA) and filed a motion to remand and reopen their case for consideration under the Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment. The BIA denied Petitioners' motion to remand and dismissed their appeal. Xu and Li petitioned for review.[2]

Since the BIA conducted a de novo review of the record, we review the BIA's decision rather than the IJ's, except to the extent that the BIA adopted the IJ's decision. Molina–Morales v. INS, 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence the IJ's factual determination that Petitioners failed to demonstrate eligibility for asylum. Id. When reviewing for substantial evidence, we must uphold the IJ's findings unless the evidence compels a contrary finding. INS v. Elias–Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review the BIA's decision to deny a motion to remand and reopen for an abuse of

discretion. Socop–Gonzalez v. INS, 208 F.3d 838, 842 (9th Cir.2000).

To be eligible for asylum, a petitioner must demonstrate that she or he has suffered past persecution or has well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). An alien's well-founded fear of future persecution must be both subjectively and objectively reasonable. Korablina v. INS, 158 F.3d 1038, 1044 (9th Cir.1998). An alien's credible testimony that she or he genuinely fears persecution satisfies the subjective component. Id. In order to satisfy the objective component, the alien must show by credible, direct, and specific evidence in the record, facts that would support a reasonable fear of persecution. Id.

Xu claims that he is eligible for asylum because he has a well-founded fear of future persecution on account of his political opinion. Xu testified that he feared persecution should he return to China. The IJ found Xu to be credible, and the BIA did not find otherwise. Accordingly, Xu has satisfied the subjective component. See Agbuya v. INS, 241 F.3d 1224, 1229 (9th Cir.2001).

With regard to the objective component, the BIA concluded that Xu failed to demonstrate that the Chinese authorities would persecute him on account of a protected ground. Specifically, the BIA found that "[w]ith regard to [Xu's] arrest, he did

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts of this case. We discuss only those necessary to explain our decision.

2. Because the INS began deportation proceedings against Xu and Li before April 1, 1997 and a final order of deportation was not entered until after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997).

not demonstrate that the authorities arrested him on account of his political opinion rather than because his guests were not registered with the government." The BIA concluded that Xu's fear of persecution based on his participation in the pro-democracy movement was merely speculative. The BIA's findings are belied by the record. Xu testified that although the reason given for his arrest was that he failed to register his guests, the regulation required out-of-town guests to be registered within three days and his guests had been at his house for less than twenty-four hours. In addition, the public security agents interrogated Xu about his participation in the pro-democracy demonstration and his views about the government but did not question him at all about his guests. Moreover, after Xu was released, representatives from Xu's "neighborhood committee" twice interrogated Xu's mother about Xu's political activity and instructed her to warn Xu to discontinue his activities.

The record compels the conclusion that Xu was arrested on account of his political opinion and activity. The record also compels the conclusion that Xu has presented direct, and specific evidence that would support a reasonable fear of persecution. Xu had a close friend who was an official in the public security agency. After he participated a second time in a pro-democracy demonstration, Xu's friend reported that

Xu was under active investigation for his political activities. Xu's friend warned Xu that he had better leave the country. The friend obtained a passport and exit permit for Xu, which Xu was able to use to depart. The friend also obtained exit documents for Li, who attempted to leave some months after Xu, and the friend vouched for her when she was stopped by the public security agency at the airport. When she joined Xu, Li informed him that after his departure the Chinese authorities had interrogated his mother about how Xu left the country and the reasons for his departure. The IJ found Xu to be fully credible. On these facts, we conclude that the record compels the conclusion that Xu has established his eligibility for asylum. *See Ladha v. INS*, 215 F.3d 889, 900 (9th Cir. 2000) ("[W]hen an alien credibly testifies to certain facts, those facts are deemed true, and the question remaining to be answered becomes whether these facts, and their reasonable inferences, satisfy the elements of the claim for relief. No further corroboration is required.").[3]

Because the record compels the conclusion that Xu has a well-founded fear of future persecution should he return to China, we grant his petition and remand so that the Attorney General may exercise his discretion concerning Xu's application for asylum.[4] We concur with the BIA's conclusion that Xu did not establish a prima facie case for relief under the Torture

---

**3.** The government has presented no evidence that China's interest in Xu has dissipated. In fact, the most recent country reports indicate that China has "intensified efforts to suppress dissent" and is actively targeting pro-democracy activists. DEPARTMENT OF STATE, I COUNTRY REPORTS ON HUMAN RIGHTS PRACTICES FOR 1999– VOLUME I, REPORT SUBMITTED TO THE HOUSE COMM. ON INT'L RELATIONS AND THE SENATE COMM. ON FOREIGN RELATIONS 1019 (Comm. Print 2000).

**4.** Because Li is eligible for asylum as a derivative beneficiary of Xu's eligibility, we do not

consider her claim to be eligible for asylum because of persecution on account of her political opinion. *See* 8 U.S.C. § 1158(b)(3); 8 C.F.R. § 208.21(a). In addition, since Xu and Li's child was born in the United States, the child is a United States citizen and does not need to be granted admission under 8 C.F.R. § 208.20(a). *See* 8 U.S.C. § 1401(a) (stating that persons "born in the United States, and subject to the jurisdiction thereof" are nationals and citizens of the United States at birth).

Convention; we therefore deny that part of Xu's petition that seeks review of the BIA's decision not to grant his motion to remand his case for reconsideration under the convention.[5]

We also deny that portion of his petition that seeks review of the BIA's decision not to grant withholding of exclusion and deportation. Although Xu meets the standard for asylum of a "well-founded fear of persecution," he does not meet the more stringent standard that he would "more likely than not be persecuted," which is required for withholding of exclusion and deportation.

PETITION GRANTED IN PART AND DENIED IN PART.

---

**5.** However, we note that the BIA committed legal error by concluding that because Xu failed to establish eligibility for asylum, he necessarily failed to establish a prima facie case under the convention. *See Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir.2001).